[Civil No. 1906.  Filed March 14, 1923.]

[213 Pac. 575.]

THOMAS H. BELL, Appellant, v. ROY J. WRIGHT, Appellee.

1. MINES AND MINERALS—MINER'S LIEN FOR WAGES NOT ENFORCEABLE WITHOUT CONTRACT OF EMPLOYMENT FOR WAGES. — The Miner's Lien Law was intended to protect miners who labor on mines under contract of employment to do such labor for wages, and there must be a contract establishing relation of debtor and creditor.

2. MINES AND MINERALS—AGREEMENT HELD TO CREATE MINING PARTNERSHIP AND TO GIVE NO RIGHT TO LIEN FOR WAGES.—A purchaser of mining claims and lessees who had done considerable development work agreed to organize a corporation in which each should be allotted shares, and other shares should be sold to reimburse the purchaser and pay operating expenses, including wages, and that the development work should be continued,

25 Ariz.—7

and that all the parties should be paid wages and share alike. *Held,* that the agreement created a mining partnership, and, if purchaser refused to organize the corporation or deliver the stock, the lessees' remedy was for breach of the contract, and they had no miner's lien for wages, under Civil Code of 1913, paragraph 3654.

APPEAL from a judgment of the Superior Court of the County of Mohave.  E. Elmo Bollinger, Judge. Judgment reversed and cause remanded and ordered dismissed.

Mr. C. W. Herndon, for Appellant.

Mr. Carl G. Krook, for Appellee.

ROSS, J.—The plaintiff's suit is brought for wages and services and to foreclose a miner's lien on certain mining property belonging to defendant in and about which, it is alleged, plaintiff and his assignors rendered labor and services as miners, under an agreement with defendant that he would pay for such labor and services.  The case was tried by the court, and verdict and judgment was entered in favor of plaintiff.

The defendant appeals, and assigns one error only. He contends that the evidence does not support the judgment, and calls the attention of the court to the testimony introduced in proof of the contract under which the plaintiff and his assignors worked upon said mining claims.  This testimony in short, shows that plaintiff, his brother Wilbur E. N. Wright and Tom Ramsey, prior to March 7, 1919, had a lease, on a royalty basis, on said mining claims from one Stanley C. Bagg, conditioned that, should the latter sell, during the life of lease, he would pay them $1,000 in consideration of the cancellation of lease.  On March 7, 1919, defendant bought the mining claims of Bagg and paid therefor $6,000 cash, and assumed a mortgage thereon of $10,000.  At that time the

plaintiff and his assignors, Wilbur E. N. Wright and Tom Ramsey, had done considerable development work, in the course of which some 250 tons of ore had been taken out and 1,600 more tons exposed and blocked out.

Before the consummation of the purchase of mines by defendant from Bagg, the plaintiff and his associates had an agreement with defendant that he should make the $6,000 cash payment and assume the mortgage for $10,000, while they would forego the payment of the $1,000 for lease cancellation and contribute to the enterprise ore on dump and exposed by their labors and efforts under the Bagg lease; that a corporation would be organized, with a capital stock of 100,000 shares, par value per share of $1; that 30,000 shares would be sold at not less than $1 per share, and the proceeds applied (1) to repay the defendant the $6,000 advanced on purchase price; (2) to pay off mortgage on mines; and (3) any balance left to be used to pay the operating expenses of mines, including wages, it being agreed that the work of developing mines and extraction of ore should be continued, and that all of them should be paid wages; that plaintiff and his associates each should be given 10,000 shares of the stock, and the defendant 20,000 shares, the remaining 20,000 shares to remain in the treasury of the company as treasury stock.

Under this arrangement, plaintiff and his associates and defendant worked in and about the mines from March 7 to July, 1919. It is for these services plaintiff sues, claiming a right of lien.

The Miner's Lien Law (paragraph 3654, Civ. Code 1913) was intended to protect by lien those miners who labor on or about mines under a contract of employment, either express or implied, to do such labor for a compensation or wage; in other words, for the claim of wages to be lienable, the contract

must contemplate and establish between the contracting parties the relation of creditor and debtor. Without such a contract no lien can be claimed or enforced.

The contract proved in this case was in the nature of a mining partnership, to which each of the parties was to contribute something in money or labor to the common enterprise, their respective interests to be admeasured by the distribution of the stock of a corporation to be later organized. If the defendant breached his contract by refusing to organize such corporation, or by refusing to deliver the agreed amount of stock, or otherwise, a remedy or remedies are available to plaintiff and his associates, but not the one herein invoked. As the plaintiff in his testimony said they were to "share and share alike," and as the evidence conclusively shows that to be the agreement or understanding, any relief for a breach thereof must be had upon the basis of that contract.

We are of the opinion that the evidence introduced on the trial does not support the judgment, but, on the contrary, clearly shows that there was no contract between the plaintiff and the defendant entitling the former to maintain the present action.

The judgment is reversed and the cause remanded, with directions to dismiss the complaint.

McALISTER, C. J., and LYMAN, J., concur.